UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

--------------------------------------------------------

:

EAGLE AUTO PARTS, INC, *et al*.,                                  :

:                    CASE NO. 1:15-CV-01450

Plaintiffs,                      :

:

v.                                                                          :                    OPINION AND ORDER

:                    [Resolving Doc. 1-1]

CITY OF CLEVELAND, *et al*.,                                        :

:

Defendant.                      :

--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On July 22, 2015, Plaintiffs Eagle Auto Parts, Inc.; Eagle Auto Parts; Charity Towing LLC;

Danielle Agnello; and Carmine Agnello filed a replevin action in Cuyahoga County Common Pleas

Court.  With their lawsuit, Plaintiffs sought a temporary restraining order ("TRO") for the return of

particular heavy machinery that the City of Cleveland ("Cleveland") seized on July 14 and 15, 2015.[1]

On July 23, 2015, Cleveland removed the case to this Court based upon federal question

jurisdiction.[2]

At its core, this case asks whether Cleveland has the right to sit on a business's needed

equipment simply because the equipment might later be subject to forfeiture, and whether

investigating police can seize equipment to shut a business down without hearing or process.

Intervenor the State of Ohio ("Ohio") makes no serious argument that Cleveland needs to hold the

equipment for evidentiary reasons.

---

[1] Doc. 1-1.

[2] Doc. 1. The City stated, "Plaintiffs must be alleging a violation of the United States Constitution in their First
and only Cause of Action" because Plaintiffs claimed that the seizure of property violated their Fourth Amendment and
Due Process rights. *Id*. at 2.

1

Case No. 1:15-CV-01450
Gwin, J.

For the following reasons, the Court **GRANTS IN PART** Plaintiffs' request for a TRO. The Court **ORDERS** that Cleveland return the fork lifts, car crusher, and front-end loader seized from Plaintiffs by 5:00 P.M. on July 29, 2015. Other than the fork lifts, car crushers and front-end loaders, Cleveland is not required to return the other items seized in the July 14 and 15, 2015, searches.

The TRO will become effective upon the Plaintiffs's posting of a $1,000 bond. The TRO will be in effect for fourteen days after that time.

## I. Background and Arguments at the Hearing

In removing the case to this Court, Cleveland took the position that Plaintiffs' claims implicate Fourth Amendment rights. On July 27, 2015, Ohio, acting by and through the Cuyahoga County Prosecutor, was granted leave to intervene in the proceedings.[3] On July 28, 2015, the Court held a hearing on the TRO motion.

Cleveland Police have conducted a long-term investigation into illegal car scrapping at Eagle Auto Parts. The County Prosecutor "ha[s] assisted the Cleveland Division of Police in this long-term investigation."[4] After obtaining a search warrant, the Cleveland Police seized machinery and other items from Eagle Auto Parts. Cleveland Police remain in possession of the seized items. Plaintiff Carmine Agnello, co-owner of Eagle Auto Parts, was arrested and later released on charges relating to illegal car scrapping. He has not been indicted on any charges.

Plaintiffs seek return of certain heavy equipment, namely forklifts, a front-end loader, and a crusher. Plaintiffs say this equipment has limited evidentiary value and is needed to operate

---

[3] Doc. 7.
[4] Doc. 16 at 7.

2

Case No. 1:15-CV-01450
Gwin, J.

businesses which employ some thirty people. Pursuant to their arguments at the hearing,[5/] Plaintiffs do not seek return of other items seized in the search and do not seek return of records that seemingly have greater value in any later prosecution.

Independent of the merits of Plaintiffs' request for the return of the machinery, the County Prosecutor argues that *Younger* abstention counsels against federal court decision of whether federal law or Ohio law allows recovery of the machinery pending some later decision on forfeiture. The County Prosecutor asked the Court not to act even though a different state actor, the City of Cleveland, removed the case to this Court.

In making their case, Plaintiffs cited to Ohio Rule of Criminal Procedure 26:

Physical property, other than contraband, as defined by statute, under the control of a Prosecuting Attorney for use as evidence in a hearing or trial should be returned to the owner at the earliest possible time. To facilitate the early return of such property, where appropriate, and by court order, photographs, as defined in Evid. R. 1001(2), may be taken of the property and introduced as evidence in the hearing or trial.[6/]

In response, Ohio cited to Ohio Rule of Criminal Procedure 41 and Ohio Revised Code § 2981.11(A)(1). Both include language that property seized pursuant to a warrant "shall" be kept in the custody of the law enforcement agency that seized it.[7/] The County Prosecutor argued that Ohio Rule of Criminal Procedure 41 and Ohio Revised Code § 2981.11(A)(1) supercede Rule 26's requirement that property "should be returned . . . at the earliest possible time."

## II. Analysis

---

[5/]*Id.* at 3.

[6/]Ohio Crim. R. 26.

[7/]Rule 41 provides: "Property seized under a warrant shall be kept for use as evidence by the court which issued the warrant or by the law enforcement agency which executed the warrant." Ohio Crim. R. 41. Ohio Revised Code § 2981.11(A)(1) states: "Any property that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose." Ohio Rev. Code § 2981.11 (A)(1).

3

Case No. 1:15-CV-01450
Gwin, J.

## A. *Younger* Abstention

The Court finds that Cleveland, by removing the case to this Court, waived the argument for *Younger* abstention. "*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings."[8] But "[i]f the State voluntarily chooses to submit to a federal forum, principles of comity do not demand that the federal court force the case back into the State's own system."[9]

Cleveland is conducting the investigation and Cleveland has possession of the machinery because it executed the search warrants. Cleveland removed the case to this Court. The County Prosecutor now disagrees with Cleveland's decision to ask a federal court decide this case.

The Supreme Court has found a waiver of a *Younger* abstention in "cases [where] the State expressly urged this Court or the District Court to proceed to an adjudication of the constitutional merits."[10] Cleveland has done this, thus waiving the *Younger* argument. The County Prosecutor, a different state actor within Ohio, cannot simply undo Cleveland's decision.

Furthermore, the Court finds that the animating purpose of *Younger* abstention – avoiding interference in state proceedings – does not apply here. The Court is ordering the return of  limited industrial equipment.  When asked, the County Prosecutor could not identify any evidentiary purpose for continued retention of the fork lifts, the front-end loader, or the crusher.  The County Prosecutor could not identify any reason why photographs of the machinery could not substitute for the machinery itself.

The Court foresees that the County Prosecutor will use photographs of the equipment, rather

---

[8] *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40-41 (1971)).
[9] *Ohio Bureau of Emp't Servs. v. Hodory*, 431 U.S. 471, 480 (1977).
[10] *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986).

Case No. 1:15-CV-01450
Gwin, J.

bringing the actual equipment itself, to the grand jury or to a petit jury. Cleveland is not required to

turn over the cash, records, cell phones, and computers that it seized pursuant to the warrants. The

criminal investigation will not be compromised or disrupted as a result.

**B. Temporary Restraining Order Factors**

The Court applies the traditional four-part test to determine whether a TRO is appropriate.

The Court considers whether: (1) there is a substantial likelihood of success on the merits, (2) the

TRO is necessary to prevent irreparable injury, (3) the injury to the plaintiff outweighs any harm to

the nonmovant, and (4) the TRO would serve the public interest.[11]

The Plaintiffs have substantial likelihood of success on the merits. At the hearing, Ohio

acknowledged that retaining the forklifts, the crusher, and the front-end loader was unnecessary for

any evidentiary purpose related to charges that might be brought. Ohio instead said the forklift, the

crusher, and the front-end loader were being held because Ohio might later seek forfeiture of these

items.  Ohio also says  it should be able to hold the machinery to shut Defendants' businesses down.

Ohio has specific forfeiture procedures that cabin a prosecutor's ability to interminably hold

seized property. Ohio must give the property owner notice "as soon as practical after the seizure."[12]

 Ohio Revised Code. § 2981.03 allows a party whose property has been seized for potential forfeiture

to obtain conditional release of that property. At the hearing, Plaintiffs said they sought release of the

machinery under this provision.

To obtain release, Plaintiffs need to show: 1) they have a possessory interest in the property;

2) sufficient ties to the community to provide assurance that the property will be available at the time

---

[11]/*See, e.g.,* *Summit County Democratic Cent. & Exec. Comm. v. Blackwell*, 388 F.3d 547, 550–51 (6th Cir. 2004); *see also* Fed. R. Civ. P. 65(b).

[12]/Ohio Rev. Code § 2981.03(A)(2).

Case No. 1:15-CV-01450
Gwin, J.

of trial; and 3) that the failure to conditionally release the property will cause a substantial hardship to the claimant.[13/]

In determining whether a substantial hardship exists, this Court considers the likely hardship upon the Plaintiffs from Cleveland's continued possession; the risk that the property will be destroyed, or lost; and whether withholding the property would prevent a legitimate business from functioning, or would prevent an innocent person from maintaining employment.[14/]

These factors support the return of the fork lifts, the crusher, and the front-end loader.

Ohio made unpersuasive arguments that Plaintiff Agnello cannot be entrusted with such industrial equipment due to his criminal history relating to scrapping yards. Additionally, Ohio argued that the property may be subject to forfeiture. But Ohio can seize the property after actually securing a forfeiture order. Ohio did not show why it must hold the machinery in the interim.

The Court finds strong evidence of an irreparable injury. Plaintiffs argued – and neither Cleveland nor Ohio denied – that the seizure of the heavy machinery effectively shuts down Plaintiffs' businesses. The Plaintiffs noted that dozens of individuals depend on the businesses for their livelihoods and that no work can be done without the forklifts, loader, and crusher.

In a similar vein, the Court finds that the injury to the Plaintiffs greatly outweighs any harm to Cleveland or Ohio. The Plaintiffs will be shut down as long as Cleveland holds their machinery. Ohio has not shown that its investigation or eventual criminal case will be prejudiced if it cannot continue to warehouse the machinery in question. Ohio never argued that it must present the machines themselves to a grand jury or at trial. The bulk of the evidence seized will remain under

---

[13/]Ohio Rev. Code § 2981.03(D)(3).
[14/]Ohio Rev. Code § 2981.03(D)(4).

Case No. 1:15-CV-01450
Gwin, J.

Cleveland or Ohio's control.[15]

Ohio Rule of Criminal Procedure 26 exists precisely for cases such as this: photographs of the industrial equipment, rather than possession of the equipment itself, adequately serve the County Prosecutor's investigatory needs. Rule 26 contemplates a balance between the state's need to hold evidence and an individual's need to retain his property pending trial.

Finally, the Court finds that the public interest points in favor of a TRO. Ohio has an interest in prosecuting the case, but has not shown how that interest will be compromised. The public interest is better served by letting businesses operate, especially before any indictments against that business or its owners have been returned.

For the above reasons, the Court **GRANTS IN PART** Plaintiff' request for a TRO. The Court **ORDERS** that Cleveland return the fork lifts, car crushers, and front-end loaders seized from Plaintiffs by 5:00 P.M. on July 29, 2015. The Plaintiffs will post a $1,000 bond. The TRO will be in effect for fourteen days after that time.

IT IS SO ORDERED.


Dated: July 29, 2015                                  s/      *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE

---

[15]/The Sixth Circuit has observed that evidence that is not "*needed* for an ongoing or proposed specific investigation" should be returned to its owners. *See Sovereign News Co. v. United States*, 690 F.2d 569, 578 (6th Cir. 1982) (emphasis added.).

7