UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
EAGLE AUTO PARTS, INC, *et al.*,   :
: CASE NO. 1:15-CV-01450
Plaintiffs,   :
:
v.   : OPINION AND ORDER
: [Resolving Doc. 26, 31]
CITY OF CLEVELAND, *et al.*,   :
:
Defendant.   :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On July 22, 2015, Plaintiffs Eagle Auto Parts, Inc.; Eagle Auto Parts; Charity Towing LLC; Danielle Agnello; and Carmine Agnello filed a replevin action in Cuyahoga County Common Pleas Court. With their lawsuit, Plaintiffs sought a temporary restraining order ("TRO") for the return of particular heavy machinery that the City of Cleveland ("Cleveland") seized on July 14 and 15, 2015.[1/] On July 23, 2015, Cleveland removed the case to this Court based upon federal question jurisdiction.[2/]

On July 29, 2015, this Court granted in part the TRO.[3/] On that same day, Defendants filed a Motion to Stay the Execution of the TRO pending an appeal filed by Defendants.[4/] On July 29, 2015, this Court denied the Motion to Stay the Execution of the TRO.[5/] Plaintiffs have now filed a

---

[1/] Doc. 1-1.
[2/] Doc. 1.
[3/] Doc. 17.
[4/] Doc. 19.
[5/] Doc. 21.

1

Case No. 1:15-CV-01450
Gwin, J.

motion for a second TRO.[6] Defendants Oppose.[6]

For the following reasons, the Court **DENIES** Plaintiffs' request for a second TRO.

## I. Background

Cleveland Police have conducted a long-term investigation into illegal car scrapping at Eagle Auto Parts. The County Prosecutor "ha[s] assisted the Cleveland Division of Police in this long-term investigation."[7] After obtaining a search warrant, the Cleveland Police seized machinery and other items from Eagle Auto Parts.

After this Court granted Plaintiff's TRO on July 29, 2015, Plaintiffs recovered one car crusher, three front end loaders, and three fork lifts from the Cleveland Police.[8] This Court has no reason to believe that Plaintiffs are not still in possession of those items.

## II. Analysis

The Court applies the traditional four-part test to determine whether a TRO is appropriate. The Court considers whether: (1) there is a substantial likelihood of success on the merits, (2) the TRO is necessary to prevent irreparable injury, (3) the injury to the plaintiff outweighs any harm to the nonmovant, and (4) the TRO would serve the public interest.[9]

Here, a TRO is not appropriate because the Plaintiffs are already in possession of the items in question. Because Plaintiffs have control and custody of the items, this second motion for a TRO is moot.

---

[6] Doc. 26.
[6] Doc. 31.
[7] Doc. 16 at 7.
[8] Doc. 31.
[9] *See, e.g.*, *Summit County Democratic Cent. & Exec. Comm. v. Blackwell*, 388 F.3d 547, 550–51 (6th Cir. 2004); *see also* Fed. R. Civ. P. 65(b).

Case No. 1:15-CV-01450
Gwin, J.

Plaintiffs filed their motion for a second TRO on August 11, 2015.[10] In their motion, Plaintiffs seem to express concern about the fate of the items after the TRO's expiration date on August 12, 2015.[11]

However, Defendants filed their Opposition to Plaintiffs' Motion for a TRO on August 24, 2015.[12] In that opposition, Defendants indicated that Plaintiffs are still in possession of the items.[13] This Court has no reason to believe otherwise. As such, Plaintiffs Motion for a second TRO is moot. For the above reasons, the Court **DENIES** Plaintiffs' request for a second TRO.

IT IS SO ORDERED.

Dated: August 27, 2015                    s/    *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[10] Doc. 26.
[11] *Id*.
[12] Doc. 31.
[13] *Id*. at 2.